IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PEGGY HERNANDEZ,

    Plaintiff,

v.

MIKE JOHANNS, Secretary, United States Department of Agriculture,

    Defendant.

                                            /

No. C 04-4836 CW

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Defendant Mike Johanns,[1] Secretary of the United States Department of Agriculture, moves, pursuant to Federal Rule of Civil Procedure 56, for partial summary adjudication of the complaint filed by Plaintiff Peggy Hernandez.  Plaintiff opposes the motion.  The matter was taken under submission on the papers.  Having considered the parties' papers and the evidence cited therein, the Court DENIES Defendant's motion for partial summary judgment.

BACKGROUND

    Plaintiff has been an employee of the United States Forest

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Mike Johanns has been substituted for Ann Veneman, whom he succeeded as Secretary of the United States Department of Agriculture after the filing of Plaintiff's complaint.

Service (USFS) since 1980. Since the mid-1980's, Plaintiff has been an executive group member of the Regional Hispanic Working Group (RHWG). In 1990, the RHWG entered into a settlement agreement with the USFS that was designed to correct the under-representation of minority employees in Region 5, which is the agency's Pacific southwest region. Plaintiff was a signatory to that settlement agreement. Plaintiff was also a named plaintiff in Brionez, et al. v. USDA, C 01-3969 CW, a class action complaint against the Department of Agriculture; this Court approved a settlement agreement in that case on October 23, 2002.

According to Plaintiff's complaint, between March, 2000 and June, 2004, she applied but was not selected for nine positions in Region 5. The parties agree that Plaintiff filed four administrative complaints with the Equal Employment Opportunity Commission (EEOC) that identified five of the positions for which she was not selected. From March, 2000 to summer, 2001, the USFS, according to the complaint, denied Plaintiff's repeated requests for reassignment to Region 5 from her position in Washington, D.C. On May 23, 2001, Plaintiff filed an EEOC complaint that challenged the "denial of reassignment to Pacific Crest Trail Manager or other position in Region 5, when reassignment request for others (non-minority) were [sic] granted."

On November 12, 2004, Plaintiff filed a complaint under Title VII of the Civil Rights Act of 1964. The complaint alleges three causes of action: (1) employment discrimination based upon Plaintiff's sex, (2) employment discrimination based upon Plaintiff's national origin, and (3) retaliation for protected

activity based upon Plaintiff's participation in the RHWG and Brionez v. USDA. On March 29, 2005, Defendant filed this motion for partial summary judgment.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of

3

showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The moving party is not required to produce evidence showing the absence of a material fact on such issues, nor must the moving party support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409. A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.

## DISCUSSION

Defendant moves for summary judgment that Plaintiff cannot pursue any claims based upon her allegations that she applied but was not hired for the four positions for which the parties agree Plaintiff did not file an administrative complaint. Defendant cites several cases, including Brown v. Gen. Servs. Admin., 425 U.S. 820 (1976), and Johnson v. United States Treasury Dep't, 27 F.3d 415 (9th Cir. 1994), which hold that federal employees must exhaust their administrative remedies before litigating a discrimination claim in federal court.

Plaintiff's allegations that she was not hired for the four

4

positions for which she did not file EEOC complaints are included in the background "Facts" section of her complaint. Plaintiff acknowledges in her opposition papers that these claims are not actionable. She contends that she included those allegations in the "Facts" section as background information. However, Plaintiff has exhausted her administrative complaints stemming from her allegations that she applied but was not selected for the remaining five USFS positions, and it is not disputed that those allegations may form the basis for each of Plaintiff's claims under Title VII. Thus, although Plaintiff cannot assert any claim based upon the four USFS positions that she never identified in EEOC complaints, there are no claims in the complaint on which Defendant is entitled to summary judgment.

    Defendant also contends that Plaintiff did not exhaust administrative remedies for the allegation in her complaint that she was not reassigned to the position of Regional Forester Liaison of Region 5. Defendant acknowledges that Plaintiff's relevant administrative complaint challenged her "denial of reassignment to Pacific Crest Trail Manager or other position in Region 5, when reassignment request for others (non-minority) were [sic] granted." However, Defendant argues that reassignment is a "discrete act" that requires exhaustion; thus, Plaintiff cannot, in her complaint, challenge the USFS's failure to reassign her to a specific position that was not identified in an administrative complaint. Defendant cites both Martinez v. Potter, 347 F.3d 1208 (10th Cir. 2003), and Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), both of which hold that discrete acts require exhaustion. In Morgan, the

Supreme Court ruled, "Discrete acts such as failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" 536 U.S. at 114.

Plaintiff argues that the EEOC administrative complaint challenging her denial of reassignment to Region 5 does encompass her present allegation that she was not reassigned to, <u>inter alia</u>, the position of Regional Forester Liaison. Plaintiff notes that her administrative complaint, by its plain language, challenged the USFS's failure to reassign her to <u>any</u> position in Region 5. Similarly, Plaintiff's complaint challenges the agency's failure to reassign her generally to Region 5 and, again in the "Facts" section, specifies the Regional Forester Liaison position. In <u>Sosa v. Hiraoka</u>, 920 F.2d 1451, 1458 (9th Cir. 1990), the Ninth Circuit held that "the EEOC charge does not demand procedural exactness. It is sufficient that the EEOC be apprised, in general terms, of the alleged discriminatory parties and the alleged discriminatory acts."

Here, Plaintiff submits evidence that reassignment within USFS is fundamentally different than non-selection or failure to promote, because reassignment positions are generally not announced or formally applied for. Plaintiff argues that there are likely several positions in Region 5 to which she was not reassigned during the relevant period of which she is not now aware. Thus, each instance in which the USFS failed to reassign Plaintiff to a position in Region 5, when Plaintiff allegedly repeatedly requested

6

to be transferred to <u>any</u> position Region 5, is not a discrete act that would require an individual EEOC complaint. See <u>Morgan</u>, 536 U.S. at 114 (holding that discrete acts such as refusal to hire or failure to promote are "easy to identify"). For the foregoing reasons, Plaintiff's EEOC complaint encompasses the USFS's alleged failure to reassign Plaintiff to the position of Regional Forester Liaison.

Defendant does not, and cannot, argue that Plaintiff has failed to exhaust her administrative remedies for her allegation that the USFS failed generally to reassign her to Region 5. This allegation, which includes the specific allegation that Plaintiff was not reassigned to the position of Regional Forester Liaison, may form the basis for Plaintiff's three Title VII claims; thus, Defendant's motion for summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment (Docket No. 15) is DENIED.

IT IS SO ORDERED.

Dated: JUN 13 2005

CLAUDIA WILKEN
United States District Judge