KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JONATHAN U. LEE (CSBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6909
    FAX: (415) 436-6748

Attorneys for Defendant MIKE JOHANNS,
Secretary, U.S. Department of Agriculture

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEGGY HERNANDEZ, | No. C 04-4836 CW |
| Plaintiff, | **E-Filing Case** |
| v. | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND ORDER** |
| MIKE JOHANNS, Secretary, U.S. Department of Agriculture, | |
| Defendant. | |

    WHEREAS, Plaintiff Peggy Hernandez filed this action against Ann Veneman, U.S. Secretary of Agriculture (later succeeded by Mike Johanns), on November 12, 2004;

    WHEREAS, plaintiff alleges that defendant discriminated and/or retaliated against her in making five selection decisions regarding vacancy announcements from June 2000 to November 2003, including selections for (1) Forest Supervisor, GS 15, Angeles National Forest in August 2000; (2) Assistant Director, Cooperative Fire, GS 13, Region 5, in October 2000; (3) Director of Recreation Management, GS 15, Region 5, in August 2003; (4) Director of Regional Settlement Agreements Staff, GS 14, Region 5, in October 2003; and (5) Director of Civil Rights, GS 13/14, Region 5, in November 2003.  Plaintiff further alleged that defendant discriminated and/or retaliated against her by its failure to reassign her to a position in Region 5 in California during 2000-2001 when she requested relocation from defendant's Washington, D.C. office to Region 5 due to her husband's relocation.

WHEREAS, defendant contends that defendant did not discriminate and/or retaliate against plaintiff because defendant: (1) selected plaintiff in 1992 as a District Ranger (GS 12) on the Angeles National Forest near Los Angeles, California, as part of a competitive selection process; (2) selected plaintiff as a Developed Recreation Program Manager (GS 14 step 4) in defendant's Washington D.C. headquarters office in September 1998, as part of a competitive selection process; (3) chose plaintiff to be a Congressional Fellow from January to December 2000 assigned to Rep. Patrick Kennedy's office, as part of a competitive selection process, in which she continued to be paid as a GS 14 step 4; (4) detailed plaintiff to work as the Manager, Pacific Crest National Scenic Trail from January to August 2001, in Region 5 at her request and continued to pay plaintiff as a GS 14 step 4; (5) reassigned plaintiff in August 2001 as Region 5 Program Leader for Lands Special Uses, a 13 step 10 position, at her request; (6) selected plaintiff as Region 5's Settlement Agreements Liaison, (GS 14 step 6) in April 2004, as part of a competitive selection process; and (7) selected plaintiff as Region 5's Assistant Director of Natural Resources, (GS 14 step 6) in June 2005, as part of a competitive selection process.

WHEREAS, the parties attended a mediation before Robert Edwards on November 14, 2005 and, without admitting any allegations or contentions of the other party, negotiated terms of settlement in order to bring this litigation to a conclusion;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Peggy Hernandez, her attorneys, Lisa Duarte and Mexican American Legal Defense and Educational Fund, and defendant Secretary, U.S. Department of Agriculture Mike Johanns (hereinafter the "Federal Defendant"), by and through their undersigned counsel, as follows:

1. The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

2. The Federal Defendant agrees to pay the sum of Seventy Five Thousand and no cents ($75,000.00) to plaintiff under the terms and conditions set forth herein.

3. The plaintiff and her heirs, executors, administrators, assigns and attorneys hereby agree to accept the sum of Seventy Five Thousand Dollars and no cents ($75,000.00), in full and final settlement and satisfaction of the claims raised in this Action under the terms and

conditions set forth herein.

4.  It is also agreed, by and among the parties, that the settlement amount of Seventy Five Thousand Dollars and no cents ($75,000.00) represents the entire amount payable to plaintiff and her heirs, executors, administrators, assigns and attorneys.

5.  It is also agreed, by and among the parties, that the settlement amount of Seventy Five Thousand Dollars and no cents ($75,000.00) shall be made payable to plaintiff's counsel, Lisa Duarte, Esq.  The check will be mailed to the plaintiff's attorney at the following address: Lisa Duarte, Minami, Lew & Tamaki LLP, 360 Post Street, 8th Floor, San Francisco, CA 94108. The lump settlement amount above is designated as follows: $20,000 payable to Ms. Hernandez; $11,000 payable to Attorney Denise Hulett; and $44,000 payable to Minami, Lew & Tamaki.

6.  It is also agreed by and among the parties that neither plaintiff nor any of her attorneys may make any claim for attorney's fees or other costs against the Federal Defendant, the United States, their agents, servants, or employees in connection with Ms. Hernandez' individual claims as set forth herein.  This agreement does not preclude any application for attorneys fees in *Brionez v. USDA*, C01-3969 CW, USDC, N.D. Cal., but the parties agree that no attorneys fee application can be made in any litigation for work performed in this action.

7.  It is also agreed by and among the parties that defendant will change plaintiff's GS status from her current level of level 14, step 6 to level 14, step 10, to be made effective within 30 days of the Court's order approving the terms listed in this Stipulation and Agreement. It is understood and agreed that this personnel action will require coordination between the defendant and another federal agency, the NFC, to complete the action, and therefore defendant will in good faith and diligence attempt to meet the 30 day deadline.

8.  It is also agreed by and among the parties that defendant shall add 56 hours of paid annual leave and 30 days of paid sick leave to plaintiff's leave accounts, both within 30 days of the Court's order approving the terms listed in this Stipulation and Agreement.   It is understood and agreed that this personnel action will require coordination between the defendant

1  and another federal agency, the NFC, to complete the action, and therefore defendant will in
2  good faith and diligence attempt to meet the 30 day deadline.
3       9.      In consideration of the payment of Seventy Five Thousand Dollars and no cents
4  ($75,000.00) and the other terms in paragraphs 2 through 8 of this Stipulation and Agreement, as
5  set forth above, the plaintiff agrees that she will immediately upon execution of this agreement,
6  execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims
7  asserted in This Action or any claims that could have been asserted in this Action, which is
8  captioned *Peggy Hernandez v. Secretary of Agriculture Johanns*, C 04-4836 CW.  The fully
9  executed Stipulation of Dismissal will be held by counsel for the defendant and will be filed with
10 the Court upon receipt by plaintiff's counsel of the settlement amount and the completion of the
11 settlement terms described in paragraphs 7 and 8 above.
12      10.     The parties further agree that the filing of this executed Stipulation and
13 Agreement shall notify the Court of the parties' agreement to vacate all pending discovery,
14 motion hearing dates, pretrial deadlines and the October 30, 2006 trial date associated with this
15 litigation.
16      11.     In consideration of the payment of Seventy Five Thousand Dollars and no cents
17 ($75,000.00) and the other terms set forth in this Stipulation and Agreement, as set forth above,
18 the plaintiff hereby releases and forever discharges the Federal Defendant and any and all of its
19 past and present officials, employees, agents, attorneys, successors, and assigns from any and all
20 obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature
21 whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by
22 reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences
23 thereof, resulting from the facts, circumstances and subject matter that gave rise to this Action,
24 including all claims of discrimination, harassment and retaliation asserted by plaintiff in each
25 and every Equal Employment Opportunity ("EEO") complaints filed while plaintiff worked for
26 the Federal Defendant or any and all claims that could have been asserted in the EEO

Complaints. Nothing herein effects the status of the Court's orders in *Brionez v. USDA*, C01-3969 CW, USDC, N.D. Cal. and Ms. Hernandez remains a member of the *Brionez* class and the Regional Hispanic Work Group. She will not seek any further individual relief for events which occurred up to the date of signing of this agreement.

12. In consideration of the payment of Seventy Five Thousand Dollars and no cents ($75,000.00), and the other terms in paragraphs 2 through 8 of this Stipulation and Agreement as set forth above, the plaintiff further agrees that she may not and will not use or rely on the incidents and actions underlying the EEO Complaints in any other administrative proceeding, state court action or federal court action to prove any kind of discrimination, harassment or retaliation or as background or history to any claim of discrimination, harassment or retaliation she may bring.

13. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiff having been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's claimed injury and the liability of the Federal Defendant, or her agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by her to be true, this agreement shall be and remain effective notwithstanding such material difference.

14. The parties acknowledge that neither this Stipulation and Agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant, or his agents, servants, or employees. This agreement is entered into by the parties

for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

15. This Stipulation and Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

16. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability.

17. Plaintiff and her attorneys have been informed that payment of the settlement amount may take 60 days or more to process. Defendant will submit a request for payment to the National Finance Center within 14 days after Plaintiff's execution of this Stipulation and Agreement.

18. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

19. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Stipulation and Agreement.

20. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely

and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

Dated: 12/2/05                    /s/ _____

                                          PEGGY HERNANDEZ
                                          Plaintiff

Dated: 12/2/05                    By: /s/ _____

                                          LISA DUARTE
                                          MINAMI, LEW & TAMAKI LLP
                                          Attorneys for Plaintiff

Dated: 12/5/05                    By: /s/ _____

                                          DENISE M. HULETT
                                          SHAHEENA A. SIMONS
                                          MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
                                          Attorneys for Plaintiff


                                          KEVIN V. RYAN
                                          United States Attorney

Dated: 12/2/05                    By: /s/ _____

                                          JONATHAN U. LEE
                                          Assistant United States Attorney
                                          Attorneys for the Federal Defendant

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

                                          */s/ Claudia Wilken*

Dated: 12/6/05                    _____

                                          The Honorable CLAUDIA WILKEN
                                          United States District Judge